IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

Unit Owners Association of
Stonington Condominium, a/k/a
Stonington Condominium
Association, a/k/a Stonington
Condominium,

    Plaintiff,

v().

American Alternative Insurance
Corporation, Community
Association Underwriters of
America, Inc., and Michael Ramano,
individually,

    Defendants.

Case No. _____
Prince William Circuit Court Case No. CL20-2370

## NOTICE OF REMOVAL

Defendant American Alternative Insurance Corporation ("AAIC"), by counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal on the following grounds:

### BACKGROUND

1.    Plaintiff Unit Owners Association of Stonington Condominium, a/k/a Stonington Condominium Association, a/k/a Stonington Condominium ("Stonington") filed a Complaint against Defendants American Alternative Insurance Corporation ("AAIC"), Community Association Underwriters of America, Inc. ("CAU"), and "Michael Ramano, individually" in the Circuit Court of Prince William County, Virginia ("State Court"), on March 2, 2020. A copy of the Complaint is attached hereto as Exhibit A.

2.      Stonington alleged various claims against Defendants resulting from a dispute involving damage to various condominium units that Stonington administers in Prince William County and AAIC's subsequent refusal to pay for those damages under an insurance policy.

3.      Stonington did not serve the Complaint on any one of the Defendants.

4.      Without moving the State Court for leave to amend, Stonington lodged an Amended Complaint in the State Court that seeks damages against only AAIC.

5.      Stonington attempted to serve a Summons and a copy of the Amended Complaint on AAIC on February 26, 2021 ("Attempted Service").  A copy of the Summons and Amended Complaint attempted to be served upon AAIC are attached collectively hereto as Exhibit B.

6.      On March 2, 2021, AAIC filed a Motion to Quash Service in the State Court, requesting that the State Court quash the Attempted Service on the grounds that the Amended Complaint that Stonington sought to serve on AAIC was an invalid pleading because Stonington did not have the State Court's leave to amend the Complaint, as Rule 1:8 of the Supreme Court of Virginia requires.  A copy of the Motion to Quash Service, which AAIC incorporates herein by reference, is attached hereto as Exhibit C.[1]

**GROUNDS FOR REMOVAL**

7.      Stonington is a Virginia unincorporated association with its principal office in Prince Williams County, Virginia.  Complain at ¶ 1; Amended Complaint at ¶ 2.  Stonington is therefore a citizen of Virginia.

---

[1] The Court should construe AAIC's Motion to Quash Service as a motion to dismiss pursuant to Rules 12(b)(4) and (5) of the Federal Rules of Civil Procedure ("Rules") for the reasons stated in the Motion to Quash Service.  Pursuant to Rule 81(c)(2), AAIC need not replead and file a motion to dismiss pursuant to Rule 12(b)(4) and 12(b)(5) unless the Court should order it to do so.

8. AAIC is a Delaware corporation with its principal place of business in New Jersey.

9. CAU is a California corporation with its principal place of business in Pennsylvania.

10. Michael Romano, whose name is incorrectly spelled as "Michael Ramano" in the Complaint, was at the time of the filing of the Complaint and is now currently a resident of the State of Maryland.

11. This action therefore involves a controversy wholly between citizens of different states. There is complete diversity of citizenship between the parties.

12. The amount in controversy exceeds $75,000 because Stonington's ad damnum in Count of the Complaint seeks $5,000,000 in compensatory damages against AAIC.[2]

13. This Court therefore has original jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a), and this matter may be removed pursuant to 28 U.S.C. § 1441(a).

## COMPLIANCE WITH PROCEDURAL REQUIRMENTS

14. This matter, which was removable at the time of its filing, is being removed within thirty days of Stonington's Attempted Service, and therefore within the thirty-day period for filing a notice of removal pursuant to 28 U.S.C. § 1446(b)(1).

15. Venue is appropriate in the Alexandria Division of this Court pursuant to 28 U.S.C. § 1441(a) because it is in the district and division embracing the place where the action is pending in State Court.

---

[2] Stonington's invalidly filed Amended Complaint does not state an ad damnum. It alleges, though, that "Stonington has been damaged in an amount of $2,802,010.11" as a result of AAIC's alleged breach of contract, so the amount in controversy in the Amended Complaint, were it validly filed, would exceed $75,000. Amended Complaint at ¶ 82.

16.    After filing this Notice of Removal, AAIC will promptly give written notice to Stonington, the party adverse to AAIC, and it will further file, promptly, a copy of this Notice of Removal with the Clerk of the State Court, pursuant to Section 28 U.S.C. 1446(d).

17.    A copy of all process, pleadings, and orders served (or allegedly served)[3] upon AAIC are attached hereto pursuant to 28 U.S.C. § 1146(a).

18.    AAIC, the only defendant to have been allegedly served, consents to removal, and therefore all defendants who have been properly joined and served consent to the removal of this action pursuant to 28 U.S.C. § 1146(b)(2)(A).

19.    AAIC demands a trial by jury pursuant to Federal Rule of Civil Procedure 38.

WHEREFORE, American Alternative Insurance Corporation, by counsel, respectfully requests that this matter be removed from the Circuit Court of the County of Prince William, Virginia, to this Court.

AMERICAN ALTERNATIVE INSURANCE CORPORATION

/s/ _____
Lawrence A. "Lex" Dunn (VSB No. 30324)
Gibson S. Wright (VSB No. 84632)
Attorneys for American Alternative
Insurance Corporation
McCandlish Holton, PC
P.O. Box 796
Richmond, VA 23218
(804) 771-3100 Telephone
(804) 771-3800 Facsimile
ldunn@lawmh.com
gwright@lawmh.com

---

[3] AAIC does not waive its Motion to Quash, which Motion is to be construed as a motion to dismiss pursuant to Rules 12(b)(4) and 12(b)(5) upon removal.

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of March, 2021, a true copy of the foregoing will be sent via email to the following:

Timothy M. Purnell
William H. McCarty, Jr.
David McKennett
Purnell, McKennett & Menke, PC
9214 Center Street, Suite 101
Manassas, VA  20110
tpurnell@manassaslawyers.com
wmccarty@manassaslawyers.com
dmckennett@manassaslawyers.com
*Counsel for Stonington*

And I further certify that a true copy of the foregoing will be sent by U.S. mail on the 3rd day of March, 2021 to the following

Timothy M. Purnell
William H. McCarty, Jr.
David McKennett
Purnell, McKennett & Menke, PC
9214 Center Street, Suite 101
Manassas, VA  20110
*Counsel for Stonington*

and

The Hon. Jacqueline C. Smith
Clerk, Prince William Circuit Court
9311 Lee Avenue
Third Floor
Manassas, VA 2011

/s/_____
Gibson S. Wright (VSB No. 84632)
Attorney for American Alternative
Insurance Corporation
McCandlish Holton, PC
P.O. Box 796
Richmond, VA 23218
(804) 771-3100 Telephone
(804) 771-3800 Facsimile
gwright@lawmh.com

5