# **EXHIBIT A**

**NO SERVICE REQUESTED**

VIRGINIA:

IN THE CIRCUIT COURT FOR PRINCE WILLIAM COUNTY

| | |
|---|---|
| Unit Owners Association of Stonington Condominium, a/k/a Stonington Condominium Association, a/k/a Stonington Condominium.<br><br>Plaintiff,<br><br>v.<br><br>American Alternative Insurance Corporation and Community Association Underwriters of America, Inc., and Michael Ramano, individually<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 20-2370<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

FILED 2020 MAR -2 PM 4:19

## COMPLAINT

**COMES NOW**, the Plaintiff, Unit Owners Association of Stonington Condominium, a/k/a Stonington Condominium Association, a/k/a Stonington Condomimium ("Plaintiff" or "Stonington"), by Counsel, and move for judgement against the Defendants American Alternative Insurance Corporation ("AAIC"), Community Association Underwriters of America, Inc. ("CAU") and Michael Ramano ("Ramano") collectively, the "Defendants".

### COUNT 1

1. Plaintiff is a Virginia unincorporated association with its principle office in Prince William County, Virginia. Plaintiff administers two hundred seventy (270) condominium units ("Unit" or "Units") in twenty-nine (29) buildings in Prince William

County, Virginia ("Property") pursuant to the Declaration of Stonington Condominium.

2. On information and belief, Defendant AAIC is headquartered in Wilmington, Delaware.

3. For all times relevant hereto, Plaintiff obtained and paid in full for insurance with Defendant AAIC. Attached as Exhibit A is the insurance policy "Policy" issued by AAIC for October 15, 2017 to October 15, 2018 for the Plaintiff's Units.

4. On or about March 2 and 3, 2018 ("Storm Date"), Units at the Stonington Condominium received damage that were covered by the Policy while it was in force.

5. Plaintiff has requested payment from AAIC for damages received by the different Units at the Stonington Property during the Storm Date and AAIC has failed to make payment in full for the covered damages.

6. A trial by jury is demanded.

**WHEREFORE**, Plaintiff demands judgment against the Defendant AAIC, in the amount of Five Million Dollars ($5,000,000.00) for compensatory damages, plus interest thereon from dates of damage, until paid, together with the costs of this action and such further relief as the Court deems just and proper.

### COUNT 2

7. Plaintiff repeats and realleges each previous allegation as if fully set forth herein.

8. As part of its duties as an insurance company, AAIC has a duty to determine the insurance obligations of the Plaintiff under the Stonington Condominium Declaration ("Declaration").

9. Plaintiff is required by its Declaration to repair interior Unit damage, if the interior damage was created by storm damage emanating from the exterior of a Unit.

10. On March 2 – 3, 2018 there was a storm that created interior damage to the Units which is not covered by the Policy because Defendant AAIC breached its duty to provide insurance coverage to Plaintiff to cover all of Plaintiff's insurance obligations under the Declaration.

11. Because of the Defendant AAIC's breach of its duty outlined in Count 2, Plaintiff will be required to pay for the Unit damage not covered by the Policy.

**WHEREFORE**, Plaintiff demands judgment against the Defendant AAIC, in the amount of up to Two Million Dollars ($2,000,000.00) for compensatory damages, plus interest thereon from dates of damage, until paid, together with the costs of this action and such further relief as the Court deems just and proper.

## COUNT 3

12. Plaintiff repeats and realleges each previous allegation as if fully set forth herein.

13. To the extent that it is determined that the Policy does not cover exterior damage repairs to the Units from the Storm Date that would have been covered had AAIC insured all of Plaintiff's insurance obligations and insurance endorsements under the Declaration, during the policy period in question, then Plaintiff seeks damages from Defendant AAIC.

**WHEREFORE**, Plaintiff demands judgment against the Defendant AAIC, in the amount of up to One Million Dollars ($1,000,000.00) for compensatory damages, plus interest thereon from dates of damage, until paid, together with the costs of this action and such further relief as the Court deems just and proper.

## COUNT 4

14. Plaintiff repeats and realleges each previous allegation as if fully set forth herein.

15. Upon information and belief Defendant CAU is headquartered in Newtown, Pennsylvania and maintains an office is Chantilly, Virginia.

16. CAU was the insurance agent who procured the insurance Policy in question for the Plaintiff.

17. As part of its duties as an insurance agent, CAU has a duty to determine the insurance obligations of the Plaintiff under the Stonington Condominium Declaration.

18. Plaintiff is required by its Declaration to repair interior Unit damage, if the interior damage was created by storm damage emanating from the exterior of a Unit.

19. On March 2 – 3, 2018 there was a storm that created interior damage to the Units which is not covered by the Policy.

20. CAU breached its duty to ensure that Plaintiff had adequate insurance to cover its insurance obligations under the Declaration.

21. Because of the Defendant CAU's breach of its duty outlined in Count 4, Plaintiff will be required to pay for the Unit damage on the Storm Date not covered by the Policy.

**WHEREFORE**, Plaintiff demands judgment against the Defendant CAU, in the amount of up to Two Million Dollars ($2,000,000.00) for compensatory damages, plus interest thereon from dates of damage, until paid, together with the costs of this action and such further relief as the Court deems just and proper.

## COUNT 5

22. Plaintiff repeats and realleges each previous allegation as if fully set forth herein.

23. To the extent that it is determined that the Policy does not cover exterior damage repairs to the Units from the Storm Date that would have been covered had CAU insured all of Plaintiff's insurance obligations and insurance endorsements under the Declaration, during the policy period in question, then Plaintiff seeks damages from Defendant CAU.

**WHEREFORE**, Plaintiff demands judgment against the Defendant CAU, in the amount of up to One Million Dollars ($1,000,000.00) for compensatory damages, plus interest thereon from dates of damage, until paid, together with the costs of this action and such further relief as the Court deems just and proper.

## COUNT 6

24. Plaintiff repeats and realleges each previous allegation as if fully set forth herein.
25. Upon information and belief Defendant Michal Ramano is a resident of Virginia and maintains an office is Chantilly, Virginia.
26. Ramano was the insurance agent who procured the insurance Policy in question for the Plaintiff.
27. As part of his duty as an insurance agent, Ramano has a duty to determine the insurance obligations of the Plaintiff under the Stonington Condominium Declaration ("Declaration").
28. Plaintiff is required by its Declaration to repair interior Unit damage, if the interior damage was created by storm damage emanating from the exterior of a Unit.
29. On March 2 – 3, 2018 there was a storm that created interior damage to the Units which is not covered by the Policy.

30. Ramano breached his duty to ensure that Plaintiff had adequate insurance to cover its insurance obligations under the Declaration.

31. Because of the Defendant Ramano's breach of his duty outlined in Count 6, Plaintiff will be required to pay for the Unit damage on the Storm Date not covered by the Policy.

**WHEREFORE**, Plaintiff demands judgment against the Defendant Michael Ramano, in the amount of up to Two Million Dollars ($2,000,000.00) for compensatory damages, plus interest thereon from dates of damage, until paid, together with the costs of this action and such further relief as the Court deems just and proper.

## COUNT 7

32. Plaintiff repeats and realleges each previous allegation as if fully set forth herein.

33. To the extent that it is determined that the Policy does not cover exterior damage repairs to the Units from the Storm Date that would have been covered had Ramano insured all of Plaintiff's insurance obligations and insurance endorsements under the Declaration, during the policy period in question, then Plaintiff seeks damages from Defendant Ramano.

**WHEREFORE**, Plaintiff demands judgment against the Defendant Michael Ramano, in the amount of up to One Million Dollars ($1,000,000.00) for compensatory damages, plus interest thereon from dates of damage, until paid, together with the costs of this action and such further relief as the Court deems just and proper.

Respectfully Submitted,
Unit Owners Association of
Stonington Condominium
By Counsel,

_____
Timothy M. Purnell VSB #40870
PURNELL, McKENNETT & MENKE, PC
9214 Center Street, Suite 101
Manassas, VA 20110
(703) 368-9196 tel.
(703) 361-0092 fax
tpurnell@manassaslawyers.com
*Counsel for Plaintiffs*